UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER ALVAREZ,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

Civil Case No. 8:24-cv-977-MSS-AEP
Crim. Case No. 8:22-cr-236-MSS-AEP

**O R D E R**

Christopher Alvarez moves under 28 U.S.C. § 2255 to vacate his convictions for one count of conspiracy to commit Hobbs Act Robbery, four counts of Hobbs Act Robbery, and two counts of carrying and brandishing a firearm in relation to a crime of violence, for which he serves 180 months. (Civ. Doc. 3; Crim. Doc. 148) Alvarez raises five grounds for relief. In Grounds One through Four, he challenges the constitutionality of his convictions and claims counsel ignored his repeated requests to appeal. (Civ. Doc. 3 at 5, 6) In Ground Five, Alvarez claims counsel was ineffective for not filing an appeal on his behalf. (*Id*. at 12)

The failure to file a requested notice of appeal is *per se* ineffective assistance of counsel, regardless of whether the appeal would have had merit. *Roe v. Flores-Ortega*, 528 U.S. 470, 483–86 (2000). However, "a defendant who explicitly tells his attorney not to file an appeal . . . cannot later complain that, by following his instructions, his counsel performed deficiently." *Id*. at 477.

The United States "concedes that an evidentiary hearing would be necessary for this Court to make a credibility determination as to whether Alvarez either expressly directed his

counsel to appeal, or reasonably demonstrated an interest in appealing such that he would have appealed given adequate consultation." (Civ. Doc. 6 at 3)  Therefore, the United States "submits that the interest of judicial economy would be best served by this Court granting the motion to vacate, but only to the extent that Alvarez would be afforded an out-of-time appeal pursued by appointed counsel." (*Id*. at 4)

*United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000), instructs that, if an out-of-time appeal is the remedy warranted in a § 2255 proceeding, that remedy should be granted as follows: "(1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that reimposed sentence is [fourteen] days, which is dictated by Rule 4(b)(1)(A)(i)."

Accordingly, Alvarez's amended § 2255 motion (Civ. Doc. 3) to vacate, set aside, or correct his sentence is **GRANTED IN PART** as to the claim in Ground Five that counsel was ineffective for not filing an appeal on his behalf.  Alvarez's remaining claims are **DISMISSED WITHOUT PREJUDICE**.  *See McIver v. United States*, 307 F.3d 1327, 1331 n.2 (11th Cir. 2002) ("[T]he best approach is to dismiss without prejudice or hold in abeyance the resolution of remaining collateral claims pending the direct appeal.").

The Clerk is directed to (1) enter a judgment in this civil action for Alvarez on Ground Five, (2) file a copy of this order in the criminal action, and (3) terminate any pending motions, and (4) **CLOSE** this case.  This action is **REFERRED** to the United States Magistrate Judge to appoint counsel in the criminal action under the Criminal Justice

Act for the purpose of appealing. The Court will enter an order in the criminal action vacating the judgment and will enter a new judgment with an identical sentence. All further proceedings will occur in the criminal action.

**DONE AND ORDERED** in Tampa, Florida, this 26th day of July, 2024.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE